■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MARTINA BANKS, Appellant.— Appeal by defendant from a judgment of the County Court, Dutchess County, rendered April 7, 1971, convicting her of manslaughter in the second degree (first count) and possession of a weapon as a misdemeanor (second cout), upon a jury verdict, and sentencing her to an indeterminate prison term not to exceed seven years on the first count and a term of one year on the second count, the sentences to run concurrently. Judgment reversed, on the law and in the interests of justice, and new trial ordered. The trial was permeated by heated exchanges between counsel most of which were brought on by the improper conduct of the prosecutor. Vigorous prosecution is not only permissible, but commendable; nevertheless, the desire to obtain a conviction does not warrant the injunction of extraneous and prejudicial comment into the proceedings. Under the circumstances of this case we feel that the jury may well have been prejudiced to defendant's detriment by the prosecutor's conduct. Rabin, P. J., Latham, Shapiro, Christ and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GERARD J. BIERWEILLER, Appellant.— Appeal by defendant from a judgment of the County Court, Nassau County, rendered February 17, 1971, convicting him of attempted burglary in the third degree, upon his guilty plea, and sentencing him to a term of one year in the Nassau County Jail. Appeal dismissed, as moot. Defendant has served his sentence and, therefore, any question of its propriety is now moot. Latham, Acting P. J., Shapiro, Gulotta, Christ and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CARMINE BONELLI, Appellant.— Appeal by defendant, as limited by his brief, from a sentence of the County Court, Rockland County, imposed December 20, 1971, committing him to an indeterminate term of imprisonment not to exceed five years, upon a conviction of robbery in the third degree, on his plea of guilty. Sentence modified, in the interests of justice, by reducing the maximum limit to four years. As so modified, sentence affirmed. Under the circumstances of this case it is our opinion that the sentence was excessive to the extent indicated herein. Rabin, P. J., Latham, Shapiro, Christ and Brennan, JJ., concur.